# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CURTIS BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02036-TLP-tmp |
| v. ) | |
| ) | |
| TYRONE ELLIOT, Detention Response ) | |
| Team, OFFICER (FNU) TURNER, ) | |
| Detention Response Team, OFFICER (FNU) ) | |
| BRADFIELD, Detention Response Team, ) | |
| ) | |
| Defendants. ) | |

## ORDER MODIFYING THE DOCKET, DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND GRANTING LEAVE TO AMEND

Pro se Plaintiff Curtis Banks sued Defendants Tyrone Elliott, Officer (FNU) Turner, and Officer (FNU) Bradfield—all three of whom serve on the Shelby County Jail's Detention Response Team ("DRT")—under 42 U.S.C. § 1983 for injuries Plaintiff sustained while confined at the Shelby County Jail located at 201 Poplar Avenue in Memphis, Tennessee.[1] (ECF No. 1 at PageID 1–2.) The Court granted Plaintiff leave to proceed in forma pauperis and assessed the $350 habeas filing fee. (ECF No. 9.)

For the reasons below, the Court **DISMISSES** the complaint **WITHOUT PREJUDICE**, **GRANTS** Plaintiff leave to amend, **DENIES** Plaintiff's request to appoint counsel, and respectfully **DIRECTS** the Clerk to modify the docket to add Shelby County as a Defendant.

---

[1] In July 2021, Plaintiff notified the Court that Shelby County Jail released him from custody. (ECF No. 13; *see also* https://apps.tn.gov/foil-app/search.jsp (noting Plaintiff's present assignment to the Memphis Probation and Parole Office).)

I.      **Factual Background**

The original complaint provides a brief statement of facts. Plaintiff asserts that while confined at the Shelby County Jail, Defendants housed him in a cell with Keylone Jones, who Plaintiff calls his "EIF," starting on December 12, 2020.[2] (ECF No. 1 at PageID 2.) Plaintiff then states that he "had to go to the med for my injurys [sic] that I received from defending myself" about two weeks later. (*Id.*) And Plaintiff states that Defendants "are respon[sible] for my injury that I received [be]cause they housed me with my EIF." (*Id.*) The complaint contains no request for relief.

After suing, Plaintiff wrote a letter to the Court attaching many exhibits. (ECF No. 5.) In this letter Plaintiff asserts that Defendants should not have placed him in a cell with Keylone Jones because of a previous gang fight in October 2019. (*Id.* at PageID 14.) According to the letter, Plaintiff told Defendants that "I could not go in the cell with the inmate because we were in a gang fight." (*Id.* at PageID 14–15.) Plaintiff states that a "DRT officer . . . told me that I was lying," and then placed him in the cell with Jones anyway. (*Id.* at PageID 15.) According to the letter, Plaintiff got into a fight with Jones in late December 2020, which led to Plaintiff breaking a finger. (*Id.*)

In an April 2021 letter, Plaintiff states that he is suing Defendants "in their individual capacities for their own individual actions." (ECF No. 10 at PageID 45.) Plaintiff also states that he is seeking $25,000 from each Defendant "for pain and suffering as well as no protection by staff." (*Id.*) After requesting this sum from each Defendant, the letter states, "and Shelby County in official capacity for 6,000,000." (*Id.*) Plaintiff wrote another letter in May 2021,

---

[2] The Court construes the acronym "EIF" to mean "enemy in the facility." *See McCarthy v. Geist*, No. C 16-06782 WHA, 2018 WL 2047396, at *3 (N.D. Cal. May 2, 2018).

which reiterates that he is seeking $25,000 from each Defendant for pain and suffering. (ECF No. 11 at PageID 47.) This letter then adds, "plus the Shelby County Jail I am asking for 6,000,000 for the damage to my right index[] finger . . . ." (*Id.*) The Court construes this letter as seeking to assert a claim against Shelby County.³

Based on the complaint and Plaintiff's letters, he appears to assert § 1983 claims against Defendants for wrongful housing assignment and failure to protect. (ECF Nos. 1 at PageID 2; 10 at PageID 45.)

## II.     Analysis of Complaint

### A.     Legal Standard

Under 28 U.S.C. § 1915A, courts review and screen civil complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides various grounds for dismissal, including dismissing the complaint or any part of it that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (screening statute for in forma pauperis proceedings).

To determine whether the complaint fails to state a claim upon which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as laid out by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under this standard, the Court accepts the complaint's "well-pleaded" factual allegations

---

³ The Court respectfully **DIRECTS** the Clerk to modify the docket to add Shelby County as a Defendant.

as true and then determines whether those allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court need not accept conclusory allegations as true.  *Iqbal*, 556 U.S. at 679.  And all legal conclusions in a complaint "must be supported by factual allegations."  *Id.*  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And so a plaintiff's factual allegations must make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

Courts hold complaints drafted by pro se litigants "to less stringent standards" than those drafted by lawyers.  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  That said, pro se litigants must comply with the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

    **B.**    **Plaintiff's § 1983 Claims**

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege two elements: (1) "the deprivation of a right secured by the Constitution or laws of the United States," and (2) "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

        **i.**    **Official-Capacity Claims and Claims Against Shelby County**

If Plaintiff intended to assert claims against Defendants in their official capacities, the Court construes them as claims against Shelby County.  *See Arsan v. Keller*, 784 F. App'x 900,

909 (6th Cir. 2019) ("An official-capacity claim is just a claim against the municipality."); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent."); *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013) ("[A]n official-capacity claim is merely another name for a claim against the municipality.").

"A municipality is a 'person' under 42 U.S.C. § 1983, and so can be held liable for constitutional injuries for which it is responsible." *Morgan v. Fairfield Cnty.*, 903 F.3d 553, 565 (6th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). But "[a] municipality cannot be held liable simply because one of its employees has committed a constitutional violation." *Andrews v. Wayne Cnty.*, 957 F.3d 714, 721 (6th Cir. 2020) (citing *Monell*, 436 U.S. at 694); *see also Bible Believers v. Wayne Cnty.*, 805 F.3d 228, 260 (6th Cir. 2015) ("Municipalities are not vicariously liable for the actions of their employees."). "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).

"A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

But here, Plaintiff has not adequately pleaded a claim under any of these theories of municipal liability. The sparse allegations in Plaintiff's complaint, even if supplemented by the

allegations in his letters, do not allege that any municipal policy or custom of Shelby County led to a constitutional violation. The Court therefore finds that Plaintiff's complaint fails to state a claim against Defendants in their official capacities or against Shelby County.

### ii.  Wrongful Housing Assignment Claims

Plaintiff asserts that Defendants wrongfully assigned him to a cell with Jones, an EFI. (ECF No. 1 at PageID 2.) If Plaintiff seeks to assert individual-capacity claims against Defendants for wrongful assignment, his allegations set forth no constitutional claim. Prisoners have no constitutional right to confinement in a particular prison, housing assignment, or security classification. *Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002); *see also Sandin v. Conner*, 515 U.S. 472, 484–87 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Williams v. Bezy*, 97 F. App'x 573, 574 (6th Cir. 2004). And "[a]s maintaining security, order, and discipline are essential goals of a corrections system, prison officials are accorded wide latitude in the … application of prison policies and procedures." *Hayes v. Tennessee*, 424 F. App'x 546, 550 (6th Cir. 2011) (citing *Bell v. Wolfish*, 441 U.S. 520, 546–47 (1979)). For these reasons, Plaintiff cannot maintain a § 1983 claim for wrongful housing assignment.

### iii.  Failure to Protect Claims

As for Plaintiff's individual-capacity claims against Defendants, Plaintiff first alleges that Defendants housed him with an EIF, or enemy in facility. (ECF No. 1 at PageID 2.) Plaintiff states that he suffered an injury from defending himself. (*Id.*) And one of Plaintiff's letters attributes liability to Defendants because he received "no protection by staff." (ECF No. 10 at PageID 45.) The Court liberally construes these allegations as asserting a claim for failure to protect.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (quoting *Farmer*, 511 U.S. at 832).  And a plaintiff seeking to assert an Eighth Amendment claim for "a failure to protect the plaintiff from other inmates, . . . 'must show that the prison officials acted with 'deliberate indifference' to a substantial risk [of] serious harm.'" *Id.* (quoting *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001)).  "This showing 'encompasses both a subjective and an objective component.'" *Id.* (quoting *Curry*, 249 F.3d at 506.)  To make a claim for failure-to-protect "against a prison official, the plaintiff must show that: (1) 'objectively,' he was 'incarcerated under conditions posing a substantial risk of serious harm,'; and (2) the official acted with 'deliberate indifference' to inmate safety, meaning the official was 'subjectively aware of the risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 829, 834, 847.)

The allegations in the complaint fall well short of either showing.  The complaint states only that Defendants housed Plaintiff with an EIF, Jones.  This lone allegation fails to establish a "sufficiently serious" deprivation or deliberate indifference by Defendants.  *See Rhodes*, 10 F.4th at 673.  Even if the Court expands its review to the allegations in Plaintiff's letters, Plaintiff fails to state a claim for failure to protect.  True enough, Plaintiff alleges in one of his letters that he informed Defendants that they should not house him with Jones because of an earlier gang fight.  (ECF No. 5 at PageID 14.)  According to the letter, one DRT officer then accused Plaintiff of lying and placed him in the cell with Jones anyway.  (*Id.* at PageID 15.)  But Plaintiff does not

7

allege which Defendant took this action. And Plaintiff does not allege that any Defendant was present during his fight with Jones and failed to intervene.

At bottom, "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants")). And Plaintiff has not sufficiently alleged any conduct specific to an individual Defendant, let alone personal involvement in conduct rising to the level of unconstitutional behavior. And so Plaintiff fails to state a claim for failure to protect under the Eighth Amendment. The Court therefore **DISMISSES** the complaint **WITHOUT PREJUDICE**. But as explained below, the Court also **GRANTS** Plaintiff leave to amend his complaint within thirty days from the entry of this order.

### III.     Plaintiff's Request for Appointment of Counsel

Plaintiff states in his complaint, "I would like the Court to take [over] for me because I don't know what else to do." (ECF No. 1 at PageID 3.) If Plaintiff is asking the Court to appoint counsel to represent him here, he must do more. While the Court may appoint counsel for indigent litigants under 28 U.S.C. § 1915(e)(1), "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks

and citation omitted). That Plaintiff is unfamiliar with the law does not lead to the type of exceptional circumstance that justifies appointment of counsel. Given the complexity of the factual and legal issues at play, Plaintiff has not shown that appointment of counsel is warranted. The Court therefore **DENIES** Plaintiff's request for appointed counsel.

### IV.  Amendment Under the PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* ("PLRA"). *See Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Indeed, the Sixth Circuit generally prefers "liberality" in allowing plaintiffs to amend, even at the screening stage under the PLRA. *See Lucas*, 785 F. App'x at 292 ("Generally, '[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend.'" (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011))).

But courts need not grant leave to amend when a plaintiff cannot cure a deficiency in his pleading. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640-41 (6th Cir. 2018); *see also McDonald v. Lasslett*, No. 18-2435, 2019 WL 2592572, * 2–3 (6th Cir. May 28, 2019) ("[A]lthough a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, and leave to amend should be denied if the amendment would be futile." (quoting *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014))). With this in mind, the Court **GRANTS** Plaintiff leave to amend his complaint within thirty days from the entry of this order under the guidelines set forth below.

9

The Court reminds Plaintiff that an amended complaint must be complete without reference to an earlier pleading. Petitioner must sign an amended complaint, and the text of the amended complaint must allege enough facts to support each claim without reference to any other document. Petitioner must identify any exhibits by number in the text of the amended complaint and he must attach them to the amended complaint. And if Plaintiff does not timely amend, the Court will dismiss the complaint with prejudice without further warning. The Court recommends that any such dismissal of this case be treated as a strike under 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**V.     Conclusion**

For the reasons explained above, the Court **DISMISSES** the complaint **WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also **GRANTS** Plaintiff leave to amend within thirty days from the entry of this order. Lastly, the Court **DENIES** Plaintiff's request for appointment of counsel.

**SO ORDERED**, this 31st day of January, 2022.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE